UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 4:14-cr-11-HSM-WBC |
| | ) | |
| MATTHEW TYLER MASON | ) | |

RESPONSE TO MOTION FOR VARIANCE

COMES NOW the United States of America, by and through its attorneys, William C. Killian, United States Attorney for the Eastern District of Tennessee, and James T. Brooks, Assistant United States Attorney, and respectfully responds to the defendant's motion for a variance. (R. 26, Motion for Variance.)

The significance of the defendant's motion hinges on the Court's finding as to whether the 2-level enhancement of Paragraph 16 applies. If it does, then the defendant's recommended guideline range is 135 to 168 months. In that case, the government will recommend a guideline sentence. If it does not, the defendant's guideline range is 108 to 135. In that case, the government will also recommend a guideline range, including a sentence of 120 months--which is the mandatory minimum sentence required.

Consequently, the linchpin is whether the 2-level enhancement for unduly influencing a minor to engage in prohibited sexual contact applies. The enhancement adds 2 levels if the defendant "unduly influenced a minor to engage in prohibited sexual conduct…" U.S.S.G. §2G1.3(b)(2)(B). Because the defendant and the minor's ages were more than 10 years apart, "there shall be a rebuttable presumption that subsection (b)(2)(B) applies." Application Note 3(B). This is because, "some degree of undue influence can be presumed because of the substantial difference in age between the participant and the minor." *Id.*

The defendant has attached a copy of the minor victim's statement to his objections. The government agrees with the content of the statement and believes that the minor would testify to substantially the same information. Therefore, the government will have no further proof to offer at the hearing. The government leaves to the Court whether the content of the statement rebuts the presumption.

In reviewing relevant case law of the Sixth Circuit, the government notes that there is significant leeway in applying this enhancement. *United States v. Lay*, 583 F.3d 436, 446 (6th Cir. 2009) (deferring to district court findings when "evidence could be construed both for and against" a finding.) Next, the inquiries tend to be case specific and there is no requirement that the undue influence rise to the level of coercion or force. *United States v. Wise*, 278 Fed.App'x 552, 562-63 (6th Cir. 2008) (enhancement does not require forcible contact.) In *Wise,* the court described the following types of evidence as "ample:"

> Wise gave the victim expensive gifts, including cellular telephones, an iPod, a promise ring, and money to entice her. He paid for the victim's stay in hotels, as well as provided her clothes and meals to facilitate their sexual encounters. He also drove to her house to pick her up on more than one occasion, including driving her to both a nearby and out of state hotel to engage in sexual contact with her. The victim testified that Wise requested she send him sexually explicit pictures of herself and that he told her that engaging in anal sex was not "real sex" such that she would not get pregnant or contract any sexually transmitted diseases. J.A. 199. He also emphasized to the victim that he was a former police officer.

*Id.*

Finally, in *United States v. Reid*, 751 F.3d 763, 768 (6th Cir. 2014) the court found the enhancement had been met "with ease" because, the rebuttable presumption applied (the defendant was 35 years older than the victim) and when the defendant "started their relationship, [he] led her to think of him as her boyfriend, and encouraged her to run away from her family…[and] took her hundreds of miles away from her home with no way to get back."

2

In conclusion, the government leaves to the Court's judgment as to whether the statement offered by the defendant rebuts the presumption that the victim was unduly influenced to engage in prohibited sexual contact. The government will offer no further evidence beyond the factual basis in the plea, the portions of the PSR to which there are no objections, and the statement of the victim offered by the defendant. In either case, the government recommends a guideline sentence.

Respectfully submitted,

WILLIAM C. KILLIAN
United States Attorney

By: *s/James T. Brooks*
Assistant U.S. Attorney
1110 Market Street, Ste. 515
Chattanooga, TN 37421
423.752.5140

CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2014, a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system. Other parties will be served by regular U.S. mail.

*s/James T. Brooks*
Assistant U.S. Attorney